# Igoe v. Hansen, Appellant.

*Sale—Real estate and machinery—Notice.*

Where trustees for creditors of a corporation sell certain machinery of the company, and the machinery so sold is detached from the real estate, and part of it is removed, and part permitted to remain on the premises, a subsequent purchaser of the real estate who has notice of the sale of the machinery at the time he buys the real estate, cannot claim the portion of the machinery which was allowed to remain on the premises.

Argued Oct. 14, 1912. Appeal, No. 62, Oct. T., 1912, by defendant, from judgment of C. P. Lawrence Co., June T., 1907, No. 28, on verdict for plaintiff in case of Peter Igoe, et al., copartners trading under the firm name of Igoe Brothers v. John M. Hansen. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for the conversion of machinery. Before GALBREATH, P. J., specially presiding.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $8,089. Defendant appealed.

*Errors assigned* were various rulings and instructions.

*J. Norman Martin,* with him *E. E. Jones* and *A. Martin Graham,* for appellant.

*Robert K. Aiken,* for appellees.

PER CURIAM, January 6, 1913:

The Cuyahoga Wire and Fence Company was engaged in the manufacture of wire and nails in the City of New Castle until the year 1903, when its plant was closed and its property conveyed to a trustee for credi-

tors.   There was testimony to show that, in the fall of 1905, the appellees purchased certain machinery, belting, tools, etc., which had been used by the company in connection with its business; that the machinery so purchased by them was detached by taking out the bolts fastening it to the floor of the building and that a part of it so detached was taken away by them and the remaining part left on the premises, having been there when the real estate was sold to the appellant in the spring of 1906.   The material question in the case was as to his notice of appellees' purchase of the machinery at the time he bought the real estate.   The right to recover turned largely upon this, and the jury were instructed that, if no notice had been given to him at or before the time he closed his contract that a portion of the machinery in the plant had been sold to the appellees, his deed was sufficiently broad to include that which is in dispute in this action.   There was ample evidence to lead the jury to the conclusion that he purchased with notice of the title of the appellees to the personal property which he converted to his own use.  No complaint is made of the charge of the learned trial judge in submitting the case to the jury, and we have discovered nothing in the twenty-two assignments of error complaining of rulings on offers of evidence and answers to points that calls for a reversal of the judgment.   All are overruled and the judgment is affirmed.